No. 4356.

## S. A. JANNEY AND HUSBAND VS. A. G. OBER.

This is an action for the balance of two notes, which it is alleged the defendant assumed to pay as a part of the price of the "Live Oak" plantation, in the parish of Concordia, purchased by him from James B. Packard.

Defendant can not be permitted to contradict by parol testimony the contents of a notarial act.

Defendant can not be permitted to prove that the motive of the contract was to secure a debt when the contract itself proves it to be a sale.

Defendant's authority to his agent to accept the act of sale ratifies it as such, and has the same effect as if defendant himself had accepted it unconditionally, and he can not be permitted to go behind it and contradict it.

Plaintiff was not present at the conversations between the defendant and Packard. They are not admissible as evidence against her.

But the evidence as admitted in reference to the sale only shows the original intention of the parties, which was afterward changed, the defendant subsequently concluding to accept the act of transfer containing the assumption of these notes as a part of the price, leaving the matter between him and the vendors to some future arrangement, which is not shown, and does not affect the validity of the assumption to pay these notes as a part of the price of the property purchased by the defendant. His subsequent effort to change this notarial act was purely *ex parte*, and was never acceded to by the vendors.

The denial of the right of the plaintiff to these notes because one only is indorsed, and it was indorsed by the payee, a married woman, without special authority by her husband, was not made in the answer, and as the defendant is not the maker, but is bound only by his notarial agreement, and the identity of the notes is not denied, the question in which defendant is concerned is, whether he can safely pay to the present holder. Of this there can be no doubt, if this notarial obligation is binding, and this court thinks it is binding.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J.* *Labatt & Aroni,* for plaintiff and appellant. *Semmes & Mott,* for defendant and appellee.

HOWELL, J. This is an action for the balance of two notes which it is alleged the defendant assumed to pay as a part of the price of the Live Oak plantation in the parish of Concordia, purchased by him on the twenty-second of May, 1867, from James B. and John Q. Packard. The answer contains the general denial, a special denial that defendant ever purchased said plantation, or assumed to pay said notes, and the averments that John Janney, the husband of plaintiff, and the agent of defendant in the transactions, denied having signed the said act, which defendant believed, and as the act had been prepared in error, and was, to the knowledge of said Janney, intended as collateral security for moneys advanced by Ober, Atwater & Co. to said Packard, and the alleged assumption was erroneously inserted, the defendant, having settled the affairs of said firm with said Packards, did, on the sixth of May, 1869, by act before Adolphe Mazereau, renounce and give a quit-claim conveyance of said plantation to said Packards, which was duly recorded in Concordia on the seventeenth of June, 1869, prior to the seizure and sale of said plantation at the instance of plaintiff, and that, Janney being

cognizant of all the facts, neither he nor his wife ever pretended to hold him (defendant) responsible on said assumption, and this suit was the first notice to him of such effort.

After hearing evidence, the case was continued on account of the absence of defendant's witnesses to a day to be fixed. Two days prior to resumption of trial defendant filed an amended answer alleging that if said act of sale was signed by authority from defendant, it was with the condition and notice to all parties that there was error in said act which would be corrected between the contracting parties, and one of the principal errors was the alleged assumption sued on, and defendant never intended to bind himself to pay the debt sued on, all of which was known to plaintiff and her husband.

After the evidence was closed and before argument, plaintiffs' counsel discovered for the first time that such answer had been filed, and moved to strike it out, on the grounds that it came too late and changed the issue made in the original answer. The court refused to strike out, and the plaintiffs excepted.

As no evidence appears to have been offered with direct reference to or in connection with this amended answer, so as to notify plaintiffs' counsel of its filing, we see little importance in passing on this bill of exceptions.

Defendant offered to prove by parol, first, that the act of sale from the Packards to Ober was not intended for a sale, but only to secure a debt; second, that he had not agreed to assume payment of the notes sued on, and, third, certain conversations which took place between Ober and Packard, to which plaintiff objected on the grounds—

First—Defendant can not be permitted to contradict by parol testimony the contents of a notarial act.

Second—Defendant can not be permitted to prove that the motive of the contract was to secure a debt where the contract itself proves it to be a sale.

Third—Defendant's authority to his agent to accept the act of sale ratifies it as such, and has the same effect as if defendant himself had accepted it unconditionally, and he can not be permitted to go behind it and contradict it.

Fourth—Plaintiff was not present at the conversations between the defendant and Packard, and they are not admissible as evidence against her.

We think the objections are well made; but the evidence as admitted in reference to the sale only shows the original intention of the parties, which was afterward changed, the defendant subsequently concluding to accept the act of transfer containing the assumption of these notes as a part of the price, leaving the matter between him and the vendors to

some future arrangement, which is not shown, and does not affect the validity of the assumption to pay these notes as a part of the price of the property purchased by the defendant. His subsequent effort to change this notarial act was purely *ex parte*, and was never acceded to by the vendors. The denial of the right of the plaintiff to these notes (because one only is indorsed, and was indorsed by the payee, a married woman, without special authority from her husband,) was not made in the answer, and as the defendant is not the maker, but is bound only by his notarial agreement, and the identity of the notes is not denied, the question in which defendant is concerned is, whether he can safely pay to the present holder. Of this we think there can be no doubt, if his notarial obligation is binding.

In our comments on the above bill of exceptions we have clearly indicated that he is so bound. It is contended on his behalf that J. Q. Packard, one of his vendors, made judicial admissions in his suit against Ober, Atwater & Co., that the act in question was not a sale, but a giving in payment of an indebtedness of ten thousand dollars to said firm, and the plaintiff, deriving her right to sue through him, is bound thereby. Such is not our appreciation of the pleadings in that case, if they can have any application in this case. They were made up with reference to the annulment of a compromise between said J. Q. Packard and Ober, Atwater & Co., in which J. Q. Packard found it necessary to allege that the transfer of this property extinguished that amount of indebtedness, and no obligation was made, or was necessary, as to the other portion of the price. There is no allegation anywhere in said proceedings denying that the total price was seventeen thousand five hundred dollars, of which seven thousand five hundred dollars was due to the vendor of J. B. Packard, and represented by the notes in this suit, or denying that defendant assumed to pay them. But the defendant here does not make this a ground of defense. The substance of the answer is, that he never became the purchaser of said property, and never assumed to pay said mortgage notes, and that if it so appears in the notarial act, such stipulation was erroneously inserted, and was not the intention of the contracting parties.

The evidence does not, in our opinion, sustain the defense.

In the litigation referred to the decree of this court protected the defendants, of whom this defendant was one, from paying the amount of this assumption *twice*, by authorizing them to retain in their hands for a sufficient time the amount of the mortgage so assumed. The presumption is that the decree was complied with, and the defendants therein availed themselves of its provisions in this regard, and that the liability to the creditor in that mortgage is the only existing obligation to be considered in the premises. The decree in that case clearly

the existence of the mortgage, and the liability on the assumption in the sale by the Packards to the defendant, Ober.

We can find no legal grounds in this record to exempt the defendant from the obligation of his assumption to pay this debt as a part of the price of the property purchased by him, whether for himself individually or for the benefit of his firm.

It is therefore ordered that the judgment appealed from be reversed, and that plaintiff recover of defendant, A. G. Ober, the sum of $5631 26, with eight per cent interest from November 6, 1869, and costs.

WYLY, J., *dissenting.* On the fifth of November, 1866, John Johnson sold to James B. Packard the Live Oak plantation, in the parish of Concordia, for twenty-five thousand dollars; seventeen thousand five hundred dollars thereof were paid in cash, and for the balance the purchaser executed his two mortgage notes, one for $4175 and the other for $3325, both to the order of Mrs. Elizabeth K. Johnson, the wife of said John Johnson, said notes maturing on the first of January, 1868.

This mortgage was foreclosed *via executiva* on the sixth of November, 1869, and the net proceeds of the sale, $3588, were credited on the said mortgage notes.

Plaintiff, Sarah A. Janney, wife of John Janney, now sues the defendant, A. G. Ober, for $5631 20, the balance due on said mortgage notes made by said Packard, alleging that said Ober assumed to pay said notes in the act of sale of date of May 22, 1867, whereby he acquired said Live Oak plantation from James B. and J. Q. Packard.

The court rejected the demand of the plaintiff, and she has appealed.

It is contended that if defendant is to be held liable on the alleged assumption in favor of Elizabeth K. Johnson, or the holder or holders of said notes, by reason of his contract with James B. and J. Q. Packard, plaintiff must show title to said notes, because said stipulation in favor of such third party or parties has never been accepted; and it is only a suit by the owner or owners of said notes that would constitute an implied acceptance of the alleged assumption.

I find that the mortgage notes are in favor of Mrs. Elizabeth K. Johnson, the wife of John Johnson, and that she indorsed one of them without the authorization of her husband; the other has never been indorsed by her or by him. As the legal title of said notes does not appear to be in plaintiff, this suit which she institutes can not be regarded as an implied acceptance of the alleged assumption of defendant arising from the contract which he entered into with James B. and J. Q. Packard. But assuming that plaintiff is the owner of the notes, notwithstanding

the want of indorsement by the payee thereof, I think the case, on its merits, with the defendant.

It is well settled that a purchaser who, as part of the consideration of the purchase, has stipulated with his vendor to pay a debt due by him, may when sued by the person to whom the debt was due, set up the same equities that he has against the vendor himself. 9 An. 195 ; 2 R. 523 ; 22 An. 360.

Plaintiff, therefore, occupies no better position than James B. and J. Q. Packard, with whom defendant contracted.

Could James B. and J. Q. Packard recover against defendant on the alleged assumption contained in the act of sale from them to him of the Live Oak plantation ? Independently of the parol evidence in the record, which shows that the assumption of these notes by defendant was a stipulation inserted erroneously in the act of sale by the notary, and never agreed to by the parties, I find in the record evidence of the highest character, introduced by plaintiff herself, showing that the alleged assumption of these notes was no part of the consideration of the sale of the Live Oak plantation from James B. and J. Q. Packard to defendant ; and that really the contract was not a sale, but an act of giving in payment, the consideration thereof being an indebtedness of ten thousand dollars due by said vendors, James B. and J. Q. Packard, to the commercial firm of Ober, Atwater & Co., of which defendant was a member. And this evidence consists of judicial admissions in the suit of J. Q. Packard vs. Ober, Atwater & Co., introduced in evidence by plaintiff, wherein the petition alleges the real character of the act conveying to defendant the Live Oak plantation and the real consideration thereof as stated. In view of this proof that the contract whereby defendant acquired from James B. and J. Q. Packard the Live Oak plantation was really a contract of giving in payment, I fail to perceive any obligation that remains to be executed against defendant in behalf of plaintiff or the owner of the notes in suit. It is true the act purports to be a sale, and contains the assumption by the purchaser of the payment of these outstanding notes as part of the price ; but the judicial admissions are that the contract was really not a sale, but an act of a giving in payment, and the price thereof was an indebtedness of ten thousand dollars due by said vendors to the firm of which defendant was a member, and to whom the conveyance was really intended to be made.

The judicial admissions of the party with whom defendant contracted are binding on the plaintiff ; because it is through him plaintiff claims the obligation she seeks to enforce, and his judicial admissions in regard to the character of the conveyance were made long before the stipulation was impliedly accepted by plaintiff when she brought this suit.

The assumption of these notes in addition to the cash price stated in

the conveyance from James B. and J. Q. Packard to defendant, which the notary erroneously and of his own accord inserted in the act, is not binding on defendant; because by the judicial admissions aforesaid it appears that this was no part of the price of the conveyance, and there was no consideration given to defendant for said assumption.

That there may be no mistake in regard to these judicial admissions, I make the following extract from the petition of John Q. Packard vs. Ober, Atwater & Co., viz.: "That on the twenty-ninth day of February, 1868, the said respondents instituted a suit in the Fifth District Court of New Orleans against petitioner and one James B. Packard to secure the sum of $17,896 66 upon an account for moneys and supplies for planting purposes, etc. * * * To this demand petitioner answered, alleging payment by deed of the Live Oak plantation in Concordia parish, by act before James Norment, recorder of the said parish of Concordia, of date May 22, 1867, to the extent of ten thousand dollars. * * * And petitioner further says that before said settlement (a compromise which plaintiff was suing to annul) he was led to believe, and did believe, through statements made by defendants and testimony which the petitioner then believed, that the said deed made by him of said Live Oak plantation to defendant, Albert G. Ober, for the benefit of Ober, Atwater & Co., had not been accepted by one John Janney, the duly-authorized agent of the defendants, a fact which petitioner could not know, for the reason that the acceptance, if made at all, was made in his absence; and laboring under said belief he made said settlement without taking into the account the payment of ten thousand dollars to be credited for the conveyance of the Live Oak plantation."

And to this suit of Packard to annul the compromise which was made between Ober, Atwater & Co. and John Q. and James B. Packard in regard to the indebtedness of the latter to the former of $17,896 66, the said Packard filed a supplemental petition, from which I make the following extract, viz.:

"And petitioner further alleges that before entering into said compromise he was led to believe, and did believe, through statements made by Ober, Atwater & Co., and testimony which petitioner then believed, that a deed made by him of the Live Oak plantation to Albert G. Ober, for the firm of Ober, Atwater & Co., for the sum of ten thousand dollars, in discharge of that amount claimed from him by Ober, Atwater & Co., had not been accepted by one John Janney, the authorized agent of Ober, Atwater & Co.," etc.

If there ever was a clear and undoubted judicial admission, the one which John Q. Packard made in the suit referred to in regard to the true character of the conveyance of the Live Oak plantation was certainly one. He there alleges, and repeats it several times, that the conveyance

was in fact made to Albert G. Ober, for the benefit of Ober, Atwater & Co.; that the price was not the payments alleged in the deed, but a credit of ten thousand dollars which he and James B. Packard were to receive on the account of $17,896 66, which Ober, Atwater & Co. had against them for advances and supplies. And he distinctly alleges that said deed was accepted by Janney, *their duly " authorized agent."*

The decision of this court in the case of John Q. Packard vs. Ober, Atwater & Co., reported in twenty-sixth Annual, page 424, shows that all the judges agreed that the contract between Packard and Ober was really a conveyance of the Live Oak plantation to Ober, Atwater & Co.; that the contract was an act of giving in payment, and the price ten thousand dollars, the right of redemption within a certain time being reserved. And it was upon this theory that the court in the decree authorized a stay of execution for seventy-five hundred dollars for ninety days, in order that the defendants might file in court within that time evidence of the payment, if made by them, of this amount in discharge of the mortgage notes in suit, which the recorder, Norment, in drawing the act of conveyance of the Live Oak plantation had of his own accord made Ober assume to pay. It was because Ober had not, in fact, contracted to pay these mortgage notes of seventy-five hundred dollars which the recorder in drawing the act had erroneously made him assume, and for fear that by a prompt acceptance of this stipulation by the then holder or holders of said mortgage notes Ober might be compelled to pay them, that this court, in the decree referred to, endeavored, of its own motion, to give Ober, Atwater & Co. an indemnity; it allowed them to withhold for ninety days seventy-five hundred dollars of the sum adjudged to J. Q. Packard.

Now, plaintiff contends that because the court allowed this guarantee or limited indemnity therefore defendant should pay the notes or the balance due thereon claimed in this suit. The answer to this proposition is, that this is a suit to enforce the legal obligation which plaintiff alleges the defendant incurred when he accepted the deed of the Live Oak plantation; that if that obligation was not valid when this suit was brought it could not become obligatory by reason of a reservation made in the decision subsequently rendered by this tribunal in the case of John Q. Packard vs. Ober, Atwater & Co., it being the duty of courts to enforce contracts, not to make them.

An indemnity or security given against the payment of an apparent debt which one has erroneously assumed for another will not prevent inquiry into the validity of such debt. If defendant did not owe the debt, the protection which this court endeavored to give Ober, Atwater & Co. against paying it will not defeat the defense which he makes and which entitles him to relief.

I conclude, therefore, that the defendant, Albert G. Ober, is not liable on his assumption of the payment of these two mortgage notes which Norment, the notary, erroneously inserted in the act of conveyance of the Live Oak plantation, because:

First—The assumption of those notes of James B. Packard has never been accepted, and this suit on said notes does not amount to an acceptance, because they have never been indorsed, and plaintiff fails to show any title to said notes.

Second—Because by the judicial admissions of Packard, under whom plaintiff holds or asserts the right to recover (introduced by herself), the true character of the conveyance of the Live Oak plantation is disclosed; the real contract between the parties is brought into view, and in it there is no legal obligation binding Albert G. Ober to pay the outstanding notes of James B. Packard now sued on by plaintiff; there really never was an agreement between the parties that he should do so; in fact, there was no executory contract imposing duties subsequently to be performed by either party; on the contrary, the real contract was a conveyance of the Live Oak plantation to Albert G. Ober for the benefit of his firm, Ober, Atwater & Co., to whom the Packards were indebted $17,896 66, and the consideration of the conveyance was the sum of ten thousand dollars, to be credited on said indebtedness. In fact, the contract was not a sale to Albert G. Ober for any sum whatever. He did not pay the ten thousand dollars cash, as stated in the deed, nor did he assume to pay the two outstanding mortgage notes of James B. Packard for seventy-five hundred dollars, as represented in the deed. The truth is, as disclosed by the judicial admissions in the record, and as found in this court in the litigation between J. Q. Packard and Ober Atwater & Co., that the contract in regard to the Live Oak plantation was not a sale, but an act of giving in payment, whereby Ober, Atwater & Co. acquired the Live Oak plantation and James B. and J. Q. Packard received a credit of ten thousand dollars on their indebtedness to Ober, Atwater & Co. If the contract in regard to the Live Oak plantation was a sale from the Packards to Albert G. Ober, and, besides the ten thousand dollars stated to have been paid in cash, Ober assumed to pay the outstanding mortgage notes of J. B. Packard for seventy-five hundred dollars, why was it that this court, in the litigation between J. Q. Packard and Ober, Atwater & Co., allowed Packard a credit of ten thousand dollars on their claim against him for the price of the Live Oak plantation? How was it that this court, of its own motion (impelled by a sense of the great wrong about to be inflicted on Albert G. Ober by this erroneous assumption of said outstanding mortgage notes), allowed Ober, Atwater & Co. to retain for ninety days seventy-five hundred dollars adjudged to be the property of John Q. Packard, as an indemnity against the payment of said notes?

If Albert G. Ober owed this debt of seventy-five hundred dollars as part of the price of the Live Oak plantation, why should his firm of Ober, Atwater & Co. detain as an indemnity against paying it seventy-five hundred dollars of Packard's money? It seems to me that the conclusion of the majority of the court in this case in regard to the character of the conveyance of the Live Oak plantation is totally at variance from the view taken of it in the case of John Q. Packard vs. Ober, Atwater & Co., 26 An. 424.

I dissent in this case.