The opinion of the court was delivered by
Nicholls, C. J.
Defendants prayed that plaintiff’s demand be rejected, and that they be dismissed. They asked no affirmative relief; their prayer was purely defensive. There was no reconventional demand.
Only one judgment was rendered in the case.
It has been sometimes stated that the jurisdiction governing'a plaintiff’s demand is to be tested by that demand, and not by the defendant’s position before the court. Buisson vs. Staats, 9 An. 236; Gustine vs. N. O. Oil Co., 13 An. 510; Flood vs. Shamburgb, 3 N. S. 626; Succession of Hoover vs. York, 30 An. 754.
But defendants maintain that this doctrine has to be taken with limitations. They assert that though plaintiff’s present claim may be for a smaller amount than would properly fall under the jurisdiction of this court, yet it is dependent upon the existence and proof of the existence of a contract, which, as to its amount in its entirety, and as to its unpaid instalments, is within our jurisdiction.
That defendant in the lower court put at issue the existence and validity of that contract; that, therefore, the “ matter in dispute ” for the purpose of appellate jurisdiction, is the amount involved in that of the entire contract, whose existence or validity is so denied, and the unpaid instalments. That although the plaintiff may not (in form) present as a matter for investigation by the court, the existence and validity of the contract, yet he, in fact, tenders that issue as part of his case, and that wheri defendants’ defence is visceral to the attack, the whole matter is thrown open for the court’s action.
'We have examined the following authorities bearing upon this point:
*1259 Peychaud vs. Weber, 25 An. 133; Lartigue vs. White, 25 An. 291 and 325; State ex rel. School Board vs. Cousin, 31 An. 298; Ellis vs. Silverstein, 26 An. 47; State ex rel. Holbrook vs. Judge, 24 An. 601; State ex rel. Lyons vs. Judge, 21 An. 66; Beirne vs. Gill, 34 An. 7; O’Hara vs. Succession of Davidson, 26 An. 76; State ex rel. Bobet vs. Judge, 42 An. 1084; Ready vs. New Orleans, 27 An. 170; Citizens Bank vs. Webre, 44 An. 335.
In the case at bar the plaintiff presented himself as the holder and owner of all the notes remaining unpaid, given by Wooten to Weems. He attached them to his petition; he asserted that defendants had personally bound themselves for the payment of all these notes due and not due through an assumpsit of the same, thought they only asked a present personal judgment for twelve hundred dollars.
In spite of defendant’s denial of the existence and binding force of this assumpsit, they were, by reason of the court’s holding it to be valid and binding, condemned personally to pay the partial amount now claimed.
We think the judgment rendered in this case, so far as the question of the assumpsit is concerned, would be res adjudieata in any future suit between the parties upon the remaining notes amounting to over three thousand dollars. Louisiana State Bank vs. Orleans Navigation Company, 3 An. 294.
The mere division of the purchase price, which defendants are claimed to have assumed, into instalments, did not break the unity or singleness of their own contract, considered from the standpoint of its.existence and validity. Nesom vs. D’Armond, 13 An. 294.
Defendants are not parties to the notes; quoad them the suit ia upon the assumpsit.
Should this motion for the dismissal of appeal be sustained, all issues raised below would be withdrawn from our consideration.. Should the appeal be maintained and there be any issue in our opinion not cognizable by us, we can so announce on the final decree.
We are of the opinion that the appeal should stand; the motion to dismiss is therefore overruled.