## VOLQUARDSEN v. SOUTHERN AMUSEMENT CO.
### No. 1347.

Court of Appeal of Louisiana, First Circuit.
Oct. 3, 1934.

Clement M. Moss, of Lake Charles, for appellant.

E. R. Kaufman, of Lake Charles, for appellee.

LE BLANC, Judge.

Plaintiff is a moving picture machine operator. As such he joined the International Alliance of Theatrical Employees and Moving Picture Machine Operators of the United States and Canada, and was, during the years 1932 and 1933, a member in good standing in Lake Charles Local No. 260, the local unit of said organization.

On October 11, 1932, the local entered into a contract for the period of one year, with the Southern Amusement Company, which operated moving picture theaters in the city of Lake Charles, under the terms of which the amusement company bound itself to employ only stage employees and moving picture operators supplied by the local, at certain stipulated wages, the scale of which is fully set out in the agreement. The contract contained the following provision: "The party of the first part (the employer) agrees that when desiring to dispose of the services of a member of the party of the second part (The Local) who is employed on a weekly salary he will give such member two weeks' notice or pay two weeks' salary in lieu thereof (except in cases of drunkenness or dishonesty, in which case no notice shall be required.)"

Upon the signing of the contract, plaintiff was one of the moving picture operators designated and supplied by the local to operate defendant's moving picture machines in its Arcade Theatre in Lake Charles, and he began work at once. On December 29, 1932, the defendant addressed the following letter to Mr. Ernest Volquardsen, the business agent of the local:

"Mr. Ernest Volquardsen, Lake Charles, La.

"Dear Sir: Please accept two weeks' notice, as called for in our contract, for termination of employment of motion picture operators with this company, this being necessary on account of a general readjustment of our operating policy.

"Yours very truly,
"The Southern Amusement Co., Inc.,
"[Signed] B. Tiller.
"By Bert Tiller, Vice-President."

The plaintiff herein, contending that the foregoing was not the notice as required under the contract to dispense with his services has brought this suit to recover damages for breach of contract, consisting, as alleged in his petition, of loss of wages for the remainder of the term of the contract, or, until October 11, 1933, at the stipulated wage of $22.40 per week, together with interest at 5 per cent. on each week's wage as it became due. The total demand is for the sum of $862.40, with interest as herein stated. From a judgment in the lower court which rejected his demand, the plaintiff has taken this appeal.

An important question which suggests itself at once is one concerning the right of this plaintiff to bring such an action as he has instituted, based, altogether as it is, on a contract to which he personally is not a party. There seems to be a divergence of opinion on this point, for, in Ruling Case Law, vol. 16, p. 425, § 10, we read that "it has therefore been decided that a labor union, in contracting with an employer with respect to wages and conditions of service for a specified period of time, does not establish contracts between its individual members and the employer, a breach of which will sustain

actions by the individuals," whereas in Corpus Juris, vol. 63, p. 671, we note that "a contract made by a union and an employer for the benefit of employees is valid, and may be enforced by an employee, even though not mentioned by name in such contract." In the later cases we have examined, the latter doctrine seems to prevail; the most recent being that of Yazoo & Mississippi Valley Railroad Co. v. Sideboard, 161 Miss. 4, 133 So. 669. The decision in that case extended the doctrine further perhaps than it had been before, for it was therein held that even a third party, a colored brakeman on a passenger train, was entitled to maintain an action for wages against the employer on the ground that he had a sufficient interest in a contract between the railroad and a labor union composed exclusively of white trainmen. Under what seems to be the modern trend of jurisprudence, therefore, plaintiff had the right to institute this proceeding to enforce whatever rights or benefits that may have accrued to him under the contract between his employer and the labor union of which he is a member.

■ By the terms of that contract, however, under the clause which we have quoted, herein, by a mere expression of its desire, the employer could dispense with plaintiff's service by simply giving him a two weeks' notice or by paying him two weeks' salary in lieu of such notice. The same right to terminate the contract, as far as he was concerned, was provided for in favor of the employee upon giving similar notice to the employer. Whilst, therefore, the contract as between the union and the employer was for the period of one year, this reciprocal right of termination given to the employer and the employee made it a contract as between them that could be dissolved at any time they might desire, upon giving two weeks' notice. The contract did not provide for any particular form of notice, and, whilst it is questionable that the letter addressed to the business agent of the local by defendant could serve as the notice to the member himself, it is obvious from plaintiff's petition that he personally had a notice of some kind, for in paragraph nine he alleges that he (petitioner) "protested the termination of said contract and called upon said Southern Amusement Company, Inc., for compliance therewith, but said company failed and refused to comply therewith, and on January 15, 1933 failed and refused to continue employment of your petitioner. * * *" Once he admits or is shown to have received the notice, which under the contract might have consisted of a mere expression of the

desire that his services be dispensed with, plaintiff's rights thereunder terminated, and it matters not whether he enjoyed those rights by virtue of the provisions of articles 1890 and 1902 of the Civil Code, as contended for by his counsel, as those provisions of law could not make them more extensive than the contract itself.

A considerable part of the argument of plaintiff's counsel is devoted to the proposition that the defendant is indirectly attempting to abrogate its contract with the local because of dissatisfaction with the wage scale therein stipulated. Granting that to be so, that is an issue which would lie exclusively between the defendant and the local union, the two parties to the contract. The plaintiff is limited to an enforcement of his individual rights under the contract. He cannot champion the rights of the local union as a whole. All that is pertinent to an issue which can only arise between the union and the defendant is therefore irrelevant and immaterial in this proceeding, and will not be considered.

We are of the opinion that the judgment of the lower court which rejected the plaintiff's demand was correct, and it is therefore affirmed.

ELLIOTT, Judge (dissenting).

Southern Amusement Company, Inc., entered into a contract with Lake Charles Local No. 260, etc., binding itself, in the operation of its moving picture machines in Lake Charles, not to employ any but members of the Lake Charles Local, etc., for a period of one year, commencing October 11, 1932, and ending October 11, 1933, with right reserved in Southern Amusement Company, Inc., to dispose of the services of any member employed on a weekly salary, all as stated in the opinion of the majority of the court.

Under the contract, the party of the first part, has the right to discharge at will any member employed as stated, but, as the contract was entered into for a year, any act done under the cloak of a discharge, the only purpose and object of which was to abrogate the contract and the wage scale entered into for a year, before the expiration of the year, is to my mind illegal and violative of the contract. It is not claimed that the contract is illegal or nonenforceable. The intent of the contract, at the time it was entered into, should therefore be enforced against the party of the first part in behalf of the plaintiff Volquardsen in whose favor valuable stipulations are made.

"Agreements legally entered into have the effect of laws on those who have formed them. They can not be revoked, unless by mutual consent of the parties, or for causes acknowledged by law. They must be performed with good faith." Civil Code, art. 1901.

In this case Volquardsen was not hired for a certain time; therefore the provision on that subject contained in Civil Code, art. 2749, is not governing. The period of his hiring was subject to the stipulation on the subject contained in the contract, but the contract does not contemplate that the man designated and accepted for the work may be sent away at will, when the only object and purpose of the discharge is not to get another man in his place, to serve out the unexpired portion of the year, but to abrogate the contract and wage scale, entered into for a year and enable the party of the first part to hire another man at less weekly wages that it was paying Volquardsen under the contract. When such purpose exists as the motive for the discharge, the discharge is illegal, and the right exists to claim the contract wages for the balance of the year. The law provides: "A person may also, in his own name, make some advantage for a third person the condition or consideration of a commutative contract, or onerous donation; and if such third person consents to avail himself of the advantage stipulated in his favor, the contract can not be revoked." Civil Code, arts. 1890 and 1902. The Code of Practice, art. 35, gives to such third person, a right of action against the obligor to compel a good-faith performance of the stipulation in his behalf.

In this case the evidence shows that Volquardsen was designated by the party of the second part to do the defendant's work. He presented himself under the contract, was accepted by defendant, and set to work, worked several weeks, and was paid under the contract the stipulated wage. There was no desire to change Volquardsen and get another man to finish the period of the contract. Defendant, however, became dissatisfied with the wage scale and wanted a reduction in wages from $22.40 to $17.40 per week, and Volquardsen declined to accede to its request. Defendant then undertook to accomplish the reduction by discharging the plaintiff and hiring a nonmember of the local at the lesser price. It gave Volquardsen notice that his services were dispensed with "on account of general readjustment of its operating policy." The discharge abrogates the contract and wage scale entered into for a year before the expiration of the year, and such was the only purpose and motive for the discharge. The contract being thus broken and violated to the injury and prejudice of Volquardsen, he has a right under the law to have the stipulation in his favor upheld and enforced and he has a legal right to demand a performance in good faith, independent of and in no way dependent on the action of the party of the second part. The right of action is supported by Vinet v. Bres and Richardson, 48 La. Ann. 1254, 20 So. 693; Levy v. Desposito, 133 La. 126, 62 So. 599; People's Bank of Mobile v. Shreveport Ice, etc., Co., 142 La. 802, 77 So. 636. The case Allen & Currey v. Shreveport Waterworks, etc., 113 La. 1091, 37 So. 980, 68 L. R. A. 650, 104 Am. St. Rep. 525, 2 Ann. Cas. 471, is explained and differentiated by Levy v. Desposito, 133 La. 126, 62 So. 599.

I think the judgment appealed from should be reversed, and judgment rendered in favor of the plaintiff as prayed for.