On Rehearing.
 

 FOURNET, Justice.
 

 This is a suit to recover the amount of nine promissory notes given as part payment of the purchase price of real property, the payment of which was assumed by the defendant, who purchased the property from the maker of the notes, and to have plaintiffs’ vendor’s lien and the special mortgage securing same recognized and ordered enforced.
 

 The defendant admitted the purchase of the property from the maker of the notes arid the assumption of the obligation, but averred that the consideration therefor had failed; that he had been legally and judicially discharged 'from his assumption; and that he is, therefore, not liable to the plaintiffs, the mortgagees.
 

 On an appeal taken by plaintiffs, we set aside the judgment of the lower court in favor of the defendant and granted plaintiffs judgment as prayed for. We now have the matter for reconsideration on rehearing.
 

 The record reveals that on June 28, 1930, the defendant, Sol Weiss, and Samuel J. Dessalles entered into an “exchange or trade agreement” whereby Weiss agreed to sell or exchange certain property owned by him and situated in Lakeview in the city of New Orleans, for the sum of $1,-100 cash and the assumption of an outstanding mortgage against the property in the sum of $16,900 in favor of the Conservative Homestead Association, and in order to effect this exchange, he offered to purchase property owned by Dessalles,
 
 *59
 
 located at the corner of Tulane avenue and Loyola street in the city of New Orleans (being the same property purchased by Dessalles from Daniel and Patrick Moriarty) for $7,400 cash and the assumption of the mortgage securing notes held by plaintiffs, including the accrued interest thereon, aggregating approximately $32,-800. Dessalles also agreed to carry a second mortgage of $17,300 — $10,000 of this amount, payable under the same terms and conditions as the mortgage on the lots in Lakeview assumed by Dessalles, and to pledge same to defendant to guarantee the reduction of the assumed mortgage of $32,800, the balance of $6,400 payable in three years, with interest. • The offer was accepted by Dessalles on July 1, 1930. On September 30, 1930, in accordance with this “exchange or trade agreement,” Weiss executed de.eds of his properties in favor of Dessalles for the agreed consideration and Dessalles, in exchange therefor, executed a deed of the property he had purchased from the plaintiffs, and, in part payment thereof, Weiss assumed the outstanding mortgage and vendor’s lien in favor of the plaintiffs.
 

 The record further reveals that Dessalles failed to comply with his agreement to pay the Conservative Homestead and Weiss, because of this default, was called upon to pay the obligation to the Conservative Homestead Association. Immediately thereafter he (Weiss) instituted suit and secured judgment against Dessalles .rescinding and cancelling the contract of exchange entered into between him and Dessalles on June 28, 1930, as well as the deeds executed in pursuance thereof on September 30, 1930, including his assumption of the mortgage affecting the property. In the meantime, Weiss had obtained extensions of time from the plaintiffs in order to meet Dessalles’s obligation to them.
 

 On October 11, 1932, plaintiffs instituted suit against Dessalles and Weiss in solido, the suit being based on the notes given by Dessalles to plaintiffs as part payment of the property purchased and the assumption of the same by Weiss. On the trial of the case plaintiffs sought to introduce the
 
 extension agreement they
 
 entered into with defendant Weiss, and its introduction was objected to on the ground that it was ultra petitionem; whereupon the trial judge gave plaintiffs time in which to file a supplemental petition to plead the same. Plaintiffs, instead of supplementing their petition, on May 4, 1934, instituted the present proceedings against Weiss alone, predicated on his assumption of the mortgage in the deed of September 30, 1930, and the extension agreement entered into between him and the plaintiffs on December 8, 1931, without dismissing the first suit, which is still pending.
 

 It is the plaintiffs’ contention that (1) the assumption of the mortgage by Weiss is a stipulation pour autrui and irrevocable inasmuch as they have accepted it, and (2) that Weiss has independently bound himself by the extension agreement to pay the entire debt.
 

 This court, in the early case of Tiernan v. Martin, 2 Rob. 523, squarely held that stipulations of this character are not
 
 pour autrui
 
 within the meaning and
 
 *61
 
 contemplation of Articles 1890 and 1902 of the Revised Civil Code, but are for the benefit of the mortgage debtor or party selling the property. This rule of law has been maintained in a long and unbroken line of decisions, the last expression being found in the recent case of Freedman v. Ratcliff, 183 La. 1, 162 So. 783, 785, where it is said that: “* * * The obligation of one who buys property, subject to a mortgage held by a third party, and who assumes the payment of the 'mortgage debt as a part of the price to be paid for the property, is an obligation in favor of the party selling the property, and is not for the benefit of the holder of the mortgage. If
 
 the holder of the mortgage, in such a case,
 
 accepts the stipulation in his favor, he may enforce it against the new debtor, but
 
 has no better claim against the new debtor than the one who sold the property had.”
 
 (Italics ours.) See, also, Union Bank of Louisiana v. Bowman, 9 La.Ann. 195; Brou v. Becnel, 20 La.Ann. 254; Brandon v. Hughes, 22 La.Ann. 360; Janney v. Ober, 28 La.Ann. 281; Vinet v. Bres, 48 La.Ann. 1254, 20 So. 693; Peoples’ Homestead Association v. Garland, 107 La. 476, 31 So. 892; Allen & Currey Manufacturing Company v. Shreveport Waterworks Company, 113 La. 1091, 37 So. 980, 68 L.R.A. 650, 104 Am.St.Rep. 525, 2 Ann.Cas. 471; 10 T.L.R. 75; 38 Cyc. 209, note 90.
 

 It necessarily follows that the plaintiffs have no better claim against Weiss than Dessalles (the one who sold him the property) has, and, since, under the facts of this case, Weiss has been judicially relieved of his obligations as to Dessalles, plaintiffs are- clearly without a cause or right of action against Weiss unless he has, by the extension agreement of December 8', 1931, bound himself for the payment of this indebtedness.
 

 The agreement in question, after reciting the facts surrounding Weiss’ assumption of the mortgage and the fact of the maturity of two of the notes, contains the following stipulation:
 

 “Therefore,
 
 for the mutual consideration given and received,
 
 it is agreed by the holders and the owners of said mortgage notes that the maturity of the mortgage note of Thirty-Five Hundred and No/100 ($3,500.00) Dollars, which fell due: on November 28th, 1930, is hereby re-extended to May 28th, 1932, and that the maturity of the mortgage note of Thirty-Five Hundred and No/100 ($3,500.00) Dollars, which fell due on November 28th, 1931, is hereby extended to May 28th, 1932, and that the payment-date of the interest on said entire mortgage indebtedness, is also extended to May 28th, 1932;
 
 conditioned however upon the payment at the expiration of this extention of the accrued, interest upon the entire indebtedness
 
 up■
 
 until said date, May 28th, 1932, and the payment also of said two mortgage notes, which matured, respectively, on November 28th, 1930, and November 28th, 1931.”
 
 (Italics ours.)
 

 Under the clear and unmistakable terms of this agreement, the defendant bound himself to pay, at the expiration of this extension period,
 
 only
 
 the two matured mortgage notes and the accrued interest on the entire, indebtedness up to
 
 *63
 
 May 28, 1932 (expiration date of the extension agreement), and inasmuch as the extension of the time of the payment of the two matured notes was sufficient consideration to sustain Weiss’ promise to pay this part of the obligation owed by Dessalles to plaintiffs, he has made himself liable therefor. Isaacs v. Van Hoose, 171 La. 676, 131 So. 845; Wilkinson v. Adams, 179 La. 630, 154 So. 630; 13 C.J. 342, § 193, 17 C.J.S., Contracts, § 103; 6 R.C.L. p. 658, sec. 69; 12 American Jurisprudence, p. 576, sec. 81.
 

 But counsel for plaintiffs, on rehearing, argued that Weiss by agreeing to pay the interest on the entire mortgage indebtedness thereby obligated himself to pay the entire mortgage indebtedness as “ * * * interest stipulated by contract is an integral part of the principal debt.” They cite as authority therefor 15 R.C.L. p. 3, sec. 2; 33 C.J. 178, p. 254; and Article 1935 of the Revised Civil Code.
 

 These authorities are not apposite to the contention urged. Weiss, by the express terms of the extension agreement, unmistakably
 
 limited
 
 his liability to the payment of the two matured notes ($7,-000) and “ * * * the accrued interest upon the entire indebtedness up until * * * May 28th, 1932 * * *$2,009.00 (7% interest per annum from July 1, 1931, to May 28, 1932), and his liability cannot be extended beyond that amount.
 

 For the reasons assigned, the judgment of the lower court is set aside and it is now ordered, adjudged, and decreed that there be judgment in favor of plaintiffs and against the defendant, Sol Weiss, in the amount of seven thousand dollars ($7,000), with interest thereon at the rate of 7% per annum from May 28, 1932, until paid, plus 5% on the aggregate amount of the principal and interest as attorney fees, and for the additional sum of two thousand and nine dollars ,($2,009) with 5% interest thereon from May 28, 1932 until paid.
 

 It is further ordered, adjudged, and decreed that plaintiffs’ vendor’s lien, and mortgage, recorded in Book 1391, folio 495, in the office of the Recorder of Mortgages for the Parish of Orleans, be and the same is recognized and ordered enforced, and that this judgment be paid in preference and priority over all other claimants out of the proceeds of the sale of the property. All costs to be paid by the defendant-appellée, Sol Weiss. The right to apply for a rehearing is reserved to the plaintiffs-appellants.