HIGGINS, Justice
 

 (dissenting).
 

 The result of the litigation in this case is that the defendant Weiss is now liable for the debts secured by the two mortgages on the two pieces of property exchanged or transferred, although he is presently the owner of only one of the pieces of real estate. It was never contemplated nor intended by any of the parties that Weiss was to be liable for both debts, even though Dessalles defaulted on his part of the agreement of mutual transfer and assumption of the mortgages of each other. Surely, it is contrary to the spirit of the law, if not the letter thereof, to hold Weiss liable for the payment and discharge of the total exchange value or prices placed upon the pieces of real estate which were respectively transferred. This is particularly true, since Weiss stood ready and willing at all times to .carry out his part of the agreement and the failure of consideration took place only on the part of Dessalles.
 

 The fact that the conveyances were made simultaneously by Weiss and Dessalles to each other, in which they assumed the respective mortgages of each other as a consideration for the transfers, shows that the transaction was an exchange even though the conveyances were in the forms of sales. It is my view that the Dessalles and Weiss written executory contract, which was carried out by the mutual transfer of their respective properties and the assumption of each other’s mortgages thereon, was admissible in evidence to prove the true facts of the case.
 

 I do not agree with the opinion that the granting of the extensions of time by Moriarty placed him in a better position than Dessalles as against Weiss for the reason that when Dessalles, after the extensions were granted, defaulted in paying the mortgage that he assumed there was a failure of consideration and Weiss had the right to be relieved of his part of the obligation due to the breach of the contract of exchange by Dessalles.
 

 In the case of Freedman v. Ratcliff, 183 La. 1, 162 So. 783, at page 785, the Court said:
 
 *57
 
 to be paid for the property, is an obligation in favor of the party selling the property, and is not for the benefit of the holder of the mortgage. If the holder of the mortgage, in such a case, accepts the stipulation in his favor, he may enforce it against the new debtor, but has no better claim against the new debtor than the one who sold the property had. Tiernan v. Martin, 2 Rob. 523; Union Bank v. Bowman, 9 La.Ann. 195; Brou v. Becnel, 20 La.Ann. 254; Brandon v. Hughes, 22 La.Ann. 360; Janney v. Ober, 28 La.Ann. 281, 285 * * *
 
 ”
 

 
 *55
 
 “ * * * The obligation of one who buys property, subject to a mortgage held by a third party, and who assumes the payment of the mortgage debt as a part of the price
 

 
 *57
 
 Furthermore, Moriarty, by granting an extension of time for the payment of two of Dessalles’ mortgage notes and the interest on the whole mortgage, did not gain a greater right than Dessalles, because it was never contemplated by the parties at any time that Weiss was to be responsible for the mortgages on both pieces of property. This is clearly shown because Weiss was in.capable of financially meeting the debts secured by the two mortgages, whereas, he was in a position to handle either one of them.
 

 In any event, even if the line of reason adopted by the majority opinion were followed, nevertheless, Weiss, under the agreements of extensions of time to pay the two matured notes, bound himself to pay only the two $3500 notes and the interest on the mortgage. He did not bind himself to pay the remaining unmatured mortgage notes, nor the interest that might accrue on them in the future. I, therefore, respectfully dissent.