O’NIELL, Chief Justice
 

 (dissenting).
 

 It is not contended that any mistake was made in the statement of the facts of this case in our original opinion. So far as the facts essential to the decision go they are very simple and are not disputed. On September 30, 1930, when Sol Weiss bought the Moriarty property from Dessalles, he assumed the payment of the nine mortgage notes for $3,500 each, which Dessalles owed to the Moriartys, and which were to mature on November 28, 1930, 1931, 1932, 1933, 1934, 1935, 1936, 1937, and 1938, respectively. Weiss afterwards obtained from the Moriartys three extensions of six months each, on the note that matured on November 28, 1930,- and one extension of six
 
 *65
 
 months on the note that matured on November 28, 1931; and Weiss paid to the Moriartys the interest on the whole debt up to July 1, 1931. The first extension of six months extended the first note to May 28, 1931; and the second extension extended it to November 28, 1931. On that date the second note for $3,500 also came due. Weiss, therefore, obtained from the Moriartys, on December 8, 1931, the third extension; that is to say, a re-extension of the first note for six months and an extension of the second note for the same period; which made both notes fall due on May 28, 1932. The three extensions were obtained without any reservation on the part of Weiss, or any intimation that he did not intend thereby to become obligated to the Moriartys to pay to them in full the whole debt which he had assumed, as the notes would mature. The extension agreements were written by Weiss and were all of the same tenor. To show that Weiss, in obtaining the extensions, acknowledged to the Moriartys that he then owed the obligation to them, we copied in full, in the original opinion in this case, the third extension agreement; in which it is said, at the very beginning:
 

 “Whereas, Sol Weiss, of New Orleans, Louisiana, has purchased the property located at the corner of Tulane Ave. and S. Franklin (Loyola) St., and
 

 “Whereas, said Sol Weiss has assumed from Samuel J. Dessalles, the original purchaser of said property, the outstanding mortgage and vendor’s lien against the same, in favor of the Estate of Moriarty and/or the heirs thereof, and
 

 “Whereas, the principal of said mortgage aggregates thirty-one thousand five hundred ($31,500.00) Dollars, • and”, etc.
 

 As the instrument is copied in full in our original opinion, there is no necessity for copying it again here. In the preambles which we have copied, Weiss said to the Moriartys, in explanation of his reasons for obtaining the extension, that he had assumed to pay the debt which Dessalles originally owed to the Moriartys, amounting to $31,500. After reciting that two of the notes were past due and that the annual interest on the whole debt was paid up to July 1, 1931 — and after reciting that the note which had fallen due on November 28, 1930, had been extended to November 28, 1931, and that the second note also had fallen due on that date, and after stating that the Moriartys had agreed to extend until May 28, 1932, the two past-due notes and the payment-date of the interest on the whole debt — it was stipulated that Weiss should pay “at the expiration of this extension”, (on May 28, 1932) the accrued interest on the whole debt, as well as the two past-due notes for $3,500 each. The reason why Weiss was not obliged to pay the remaining seven notes “at the expiration of this extension” — May 28, 1932 — was that the remaining seven notes would not mature on that date, unless Weiss .should fail to pay the accrued interest and the two extended notes on that date; in which event the whole debt would become due and exigible, under the so-called acceleration clause in the act of mortgage which the Moriartys held. The stipulation that Weiss should have to pay only the two extended notes and the ac
 
 *67
 
 crued interest on the whole debt on May
 
 28,
 
 1932, meant merely that the acceleration clause would not be enforced against Weiss if he would meet his obligation promptly on May 28, 1932, to pay the two extended notes and the accrued interest on the whole debt. There was no other reason for the stipulation that Weiss should pay on May 28, 1932, the two extended notes and the accrued interest on the whole debt. The notes and the stipulation for interest in the act of mortgage spoke for themselves, and made it plain enough that Weiss had to pay the notes as they matured and the interest annually.
 

 And now, after a rehearing of the case, the extension agreement, dated December 8, 1931, is construed as meaning that Weiss was not obliged to pay at any time the seven notes that matured after May 28, 1932, or the interest accruing after that date. I do not subscribe to that interpretation of the extension agreement. We must bear in mind that it was merely the obtaining of an extension that converted Weiss’ obligation in favor of Dessalles into an obligation in favor of the Moriartys — into an obligation which they could enforce without consulting Dessalles. When Weiss obtained from the Moriartys the first extension of time in which to meet the obligation, the legal effect of the transaction was to make Weiss the Moriartys’ debtor, and to give them the right to look to him for payment of the debt. Hence it was not necessary for Weiss to renew expressly his promise to pay the debt, in .the extension agreements. Rev.Civ. Code, art. 1890; Mitchell v. Cooley, 5 Rob. 240; Union Bank v. Bowman, 9 La.Ann. 195; Brandon v. Hughes, 22 La.Ann. 360; Gay & Co. v. Blanchard, 32 La.Ann. 497; Conte v. Cain, 33 La.Ann. 965, 968; De L’Isle v. Succession of Moss, 34 La.Ann. 164; Vinet v. Bres, 48 La.Ann. 1254, 1264, 20 So. 693; Freedman v. Ratcliff, 183 La. 1, 162 So. 783; 11 Tulane Law Review, 18.
 

 Another effect which the law gave to the extension of time, which the Moriartys gave to Weiss without Dessalles’ consent, was to release Dessalles from his obligation to pay the debt. Gay & Co. v. Blanchard, 32 La.Ann. 497; Isaacs v. Van Hoose, 171 La. 676, 131 So. 845; Wilkinson v. Adams, 179 La. 630, 154 So. 630, Rev. Civ.Code art. 3063; Act No. 64 of 1904 (N.I.L.), Sec. 120, subd. 6. As we pointed out in the original opinion in this case, it was held point-blank, in Isaacs v. Van Hoose and again in Wilkinson v. Adams, that, where a mortgagee [like the Moriartys], without the consent of the mortgagor [Dessalles], gave to the mortgagor’s grantee [Weiss] an extension of time in which to pay the mortgage debt which the mortgagor’s grantee [Weiss] had assumed, the effect of the transaction was to release the mortgagor [Dessalles] from his personal obligation. That is this case exactly. The effect of the extension was to release Dessalles from the obligation which he had owed to the Moriartys. And now, by virtue of the decision rendered on rehearing, Weiss also is released from his obligation, except for two of the nine notes and the accrued interest on all of them from July 1, 1931.
 

 Of course, if the Moriartys, with their eyes wide open had signed an extension
 
 *69
 
 agreement which expressly released or exempted Weiss from his obligation to pay the seven notes falling due after May 28, 1932, the Moriartys ought to be held to their agreement. But nothing like that was expressed in the extension agreement. And I respectfully submit that such a release of the obligation of Weiss is not a reasonable inference to be drawn from the stipulation in the agreement that he should pay, at the expiration of the extension — on May 28, 1932. — the two notes that would fall due on that date, and the interest accrued to that date. On the contrary, there is a strong presumption against the inference that, by the stipulation that Weiss should pay at the expiration of the extension the two notes that would mature on that date and the accrued interest to that date on the whole debt, the Moriartys intended to release Weiss from his obligation to pay the seven notes falling due after that date. It seems so strange to me that, by obtaining an extension of two past-due notes, and by promising to pay them- and the accrued interest on all of the notes at the expiration of the extension, Weiss has become released from his obligation to pay the remaining seven notes, falling due long after the expiration of the extension of the first two notes — without an express stipulation to that effect — and notwithstanding Weiss did not fulfill his.obligation, and has not yet paid either of the two extended notes,-or any interest on the debt.
 

 The reason why I did not mention this defense on the part of Weiss in the original ‘opinion which I wrote for the majority of the members of the court is that no such defense was made by Weiss or his attorney —not even as an alternative defense either in his pleadings or in any of his briefs — until he applied for a rehearing, after the case was decided. In his application for a rehearing, which was in the form of a printed brief, he made this alternative defense, for .the first time, only in his closing paragraph, viz.:
 

 “No law or logic could result in holding Weiss liable, if at all, under the extension agreement, to a greater extent than he -bound himself, therein, to-wit: ' for the payment of the two first maturing notes.”
 

 The logical inference is that the reason why Weiss did not make that alternative defense before the case was decided by this court is that he construed the extension agreement as the Moriartys construed it, and as I construe it in this dissenting opinion.