## HAMILTON M. WRIGHT *v.* OAKEY, HAWKINS & Co.

Where a third person in whose possession property of the defendant is attached intervenes in the suit and bonds the property, his liability on the bond will be irrevocably fixed by a final judgment against him, in the same manner as the defendant himself would have been bound if the property had been released on a bond executed by him.

A third person for whose advantage a stipulation is made is entitled to an equitable action to support the stipulation; and where the proceeding against the surety on a bond for the release of property attached is not by rule under the Act of 1839, but by a direct action on the bond, the assignment of the bond to the plaintiff by the Sheriff is not essential.

APPEAL from the Fourth District Court of New Orleans, *Price*, J. *Clark & Bayne*, for plaintiff. *R. Mott*, for defendants and appellants.

MERRICK, C. J. This suit is the sequel to the case of *Wright* v. *White*, decided in this Court, term before the last. In that case judgment was entered in favor of plaintiff against *White*, with previlege upon the property attached. This property had been delivered to *Oakey, Hawkins & Co.*, intervenors, upon their giving bond, with defendant *John D. Bein*, as surety. An execution issued upon that judgment, and was returned, no property found after demand of *Stansbury*, (attorney for absent defendant), *Hawkins R. Mott*, attorney for intervenor and attorney for plaintiff. This suit is instituted upon the bond of *Oakey, Hawkins & Co.*, principals, and *John D. Bein*, security, as forfeited. The defendants excepted to the petition on the grounds:

1st. "That they had been sued by *Mrs. White et als.*, for the cotton attached, that they had called plaintiff in warranty, and the rights of all parties should be tried and decided in that suit."

2d. "That if this suit is allowed, they are in danger of being compelled to pay the proceeds of the cotton twice, and besides lose the money advanced on it."

3d. "Because the present proceeding is oppressive and unjust."

WRIGHT
v.
OAKEY, H. & Co.

" The exception was overruled. The defendants then plead a general denial, and especially, liability on the obligation sued on. Judgment was entered for plaintiffs for the amount of proceeds of the cotton and interest, and the defendants appealed."

Where the *defendant* in attachment bonds the property, it is upon condition that he and his surety will satisfy such judgment as may be rendered against him in the suit pending.

The courts by analogy have extended this provision to third parties where property has been seized in their possession ; and they are permitted to bond on the same condition.

When the defendant releases the property on bond he undertakes to make successful defence to the action, and if he fail, his liability upon the bond becomes irrevocably fixed by the final judgment. So, too, with the *intervenor :* he undertakes to justify the delivery of the property to himself *in the suit* to which he has voluntarily made himself a party, and it behooves him to consider whether he be able to maintain himself in such controversy. He assumes by his intervention that he *is the agent of the true owner, and that he has the right to* intervene on account of the property. If he fail, he becomes responsible upon his bond and he cannot be permitted to litigate the action again upon other issues. There must be an end to the controversy.

Whatever has been said in the case in 2 Rob. 511, contrary to the above conclusion, is overruled. See *Kendall* v. *Brown*, 7 An. 688.

Judgment affirmed.

---

## Same Case.—Application for a Re-hearing.

MERRICK, C. J. An application for a re-hearing has been filed in this case, in which a point made by appellants in their original brief, and overlooked in the opinion rendered by us, is again called to our attention.

It is contended " that the bond sued on is not the property of the plaintiff, but still remains the property of the Sheriff," inasmuch as the bond was not transferred to the sheriff.

The Act of 1839, p. 163, sec. 3, amending Art. 259 of the Code of Practice, declares, " that in cases of attachment, when the defendant has given his bond, with security, as by said article provided. and fails to satisfy the judgment rendered against him, the plaintiff may, on the return of the sheriff, that no property has been found, *and on exhibiting to the court said obligation duly transferred to him*, obtain judgment against the surety on said obligation, *upon motion* after ten days previous notice to said surety, which motion shall be tried summarily and without the intervention of a jury, unless the surety shall allege under oath that the signature to the bond purporting to be his, is not genuine, or that the judgment has been satisfied."

It is argued that the law does not make vain provisions, and that it is essential to the action that the bond should be duly transferred. It is further contended that the bond (of the intervenor, we presume,) might in certain contingencies belong to the defendant.

Although the bond itself is made payable to the sheriff, yet the condition shows, that the primary object of the instrument is to indemnify the plaintiff, and substitute for his benefit the obligation of the defendant or intervenor and surety in the place of the property attached. Now our law without assignment of the

instrument, expressly gives the third person for whose advantage a stipulation is made, an equitable action. C. C. 1884, 1896. C. P. 35.

There are two modes of proceeding then, allowed upon such bond, one a regular suit, by formal citation ; the other by motion under the statute.

This is an action in the first of said modes. Moreover, no issue was made that the bond was not transferred, and it was offered in evidence-without objection.

Whether in a rule or motion, under the statute, a party can proceed without showing an assignment of the bond to himself, (where the proper defence is made), it is not necessary now to determine.

The petition for a re-hearing is therefore refused.