AYRES, Judge.
This is an action upon a creditor’s group loan, single-term, nonparticipating insurance policy which, by certificate, provided coverage for the life of Caro E. Simmons and which, by amendment, was extended to the coverage of the loss of the sight of an eye. Plaintiffs were Simmons and The Olla State Bank, his creditor. Simmons died prior to trial and his widow and children were substituted as parties-plaintiff.
An exception of no cause or right of action directed to the right of Simmons and his widow and heirs to institute and maintain this action was referred to the trial of the merits of the controversy and eventually sustained. There was judgment, however, in favor of plaintiff The Olla State Bank against the defendant for $6,-000 with legal interest from judicial demand until paid. Defendant appealed. Plaintiffs answered the appeal and prayed not only that they be awarded penalties and attorney’s fees but that Simmons’ widow and heirs be permitted to recover.
*792 With respect to the exception of no cause or right of action directed to the right of Simmons and his widow and heirs to institute and maintain this action, it may be pointed out that under the terms of the policy The Olla State Bank, Simmons’ creditor, was named as the irrevocable beneficiary. Moreover, their answer to defendant’s appeal from the judgment rendered in favor of The Olla State Bank is ineffective in bringing their individual claim to this court and cannot serve as an appeal by them from an adverse judgment.
Defendant assigns as error the action of of the court in holding (1) that Simmons’ loss of sight of an eye occurred after March 28, 1960; (2) that the endorsement of the policy providing coverage for the loss of the sight of an eye could be applied retrospectively; (3) that Simmons was a debtor of the bank at the time he lost the sight of an eye; and (4) that the bank was not estopped to claim benefits under the policy by having advised defendant that Simmons had sustained the loss of sight of an eye in October, 1959, prior to the effective date of the endorsement providing such coverage.
Through an accident of October, 1959, Simmons sustained an injury to his left eye diagnosed by Dr. Noel T. Simmonds of Alexandria as a detachment of the retina. Simmons was then referred to Dr. Kenneth Foree, a specialist of Dallas, Texas, to whom he reported October 6, 1959. Dr. Simmonds’ diagnosis was confirmed, whereupon Simmons was admitted to a hospital October 8, 1959, where he remained until October 19, 1959. The retina was reattached. A hemorrhage underneath the center of the retina, however, prevented full restoration of sight at that time although vision was improved. The hemorrhage interfered with central vision only; peripheral vision remained good. Absorption of the hemorrhage over a period of months was expected to result in an improvement of vision. However, it was noted in December, 1959, that though the hemorrhage was reduced in size no substantial improvement of vision had resulted.
Simmons again reported to Dr. Foree in February, 1960. The retina of the eye had become redetached followed by a sudden worsening of vision. After readmission to the hospital, the retina was reattached February 15, 1960. With the retina again attached and in place—-peripheral vision good but central vision limited by the hemorrhage—Simmons was discharged from the hospital February 27, 1960. However, he remained in Dallas and was seen by Dr. Foree March 3, 1960, who was then of the opinion plaintiff had not lost the sight of his eye.
However, in an automobile accident in March, 1960, plaintiff’s head “bumped” against a windshield, following which the retina again became detached and it was again placed in position through surgery by Dr. Foree. After this third operation of March 28, 1960, Dr. Foree testified, with respect to plaintiff’s left eye, that the sight was irrevocably lost and that further operations would not be of assistance.
Under the policy, liability arose only at the time the loss of sight was “entire” and “irrevocable.” From a consideration of Dr. Foree’s testimony, it can only be concluded that this event, that is, the entire and irrevocable loss of sight of plaintiff’s eye, occurred in March, 1960. Therefore, we find defendant’s Assignments of Error Nos. 1 and 2 without merit as the loss of sight occurred after the endorsement of the policy became effective. Hence, no retrospective application was given it.
With respect to the third assignment of error, relating to Simmons’ indebtedness to the bank at the time he lost the sight of an eye, the record establishes that, at the time the certificate of insurance was issued covering Simmons, he was indebted to the extent of $13,200 unto The Olla State Bank personally and as endorser on obligations of Simco Oil Company, Inc., of which it may be said he was the owner. His per *793 sonal obligations plus his endorsement of his corporation’s notes were sufficient to support the requirements of the existence of a loan as of the date the policy was issued. The indebtedness in an amount exceeding the insurance continued in existence until plaintiff Simmons had sustained the entire and irrevocable loss of his eyesight which forms the basis of this action.
The master policy provides for both monthly reducing loans and level-term insurance on nonreducing loans. Insofar as Simmons was concerned, his was level-term insurance on a nonreducing loan, with respect to which the policy provides:
“If the loan is a non-reducing loan, the insurance shall, except as hereinbelow provided, continue in force at its original amount until the expiration of the term for which written.” (Emphasis supplied.)
Simmons’ certificate of insurance afforded coverage in the amount of $6,000 from May 18, 1959, to May 18, 1960. The loss occurred in 1960, prior to the expiration of that term.
With respect to the fourth assignment of error, the record discloses that without full knowledge and complete information as to the facts but under the then belief that plaintiff Simmons had sustained a loss of his eyesight in October, 1959, plaintiff bank notified defendant of that supposed fact. Defendant’s plea of estop-pel is predicated upon this action of the bank. However, defendant has not been misled nor does it claim to have been misled to its prejudice. The plea is without merit.
The record discloses no firm basis on which it could be held that defendant’s refusal to pay the insurance was arbitrary. Although unsuccessful in its defense, the record evidences defendant’s good faith in refusing payment and in defending this action. No error is found in the refusal to award penalties and attorney’s fees.
For the reasons assigned, the judgment appealed is affirmed at defendant-appellant’s costs.
Affirmed.