DIXON, Judge.
Writs of certiorari were granted in this case on the application of John C. Davis, Ruby Lee Wright Davis and Louisiana Fire Insurance Company of Baton Rouge.
Hamilton D. Harper, Jr., built a house and sold it to Davis. The American Bank and Trust Company was the interim mortgagee. Louisiana Fire Insurance Company was Davis’ mortgagee and furnished funds for Davis’ purchase of the house from Harper. Harper failed to pay claims of laborers, materialmen and subcontractors. Plaintiff, Dixieaire Air Conditioning Company, Inc., brought this action for $1223.73 against the contractor Harper and John C. Davis. There was judgment for the plaintiff on April 14, 1970 against Harper, on confirmation of default, and against Davis, in rem only, recognizing plaintiff’s lien against the property.
Long Leaf Lumber, Inc., another lien holder, then intervened and obtained an order directing the sheriff to hold the proceeds of the sale until further orders of the court. Then Louisiana Fire Insurance Company intervened, praying for an injunction against the execution of Dixie-aire’s judgment. Louisiana Fire Insurance Company alleged that there were numerous lien holders, all (except Dixieaire) joined with Davis and his wife in a concursus proceeding entitled Long Leaf Lumber, Inc. v. Hamilton D. Harper et al., pending in the First Judicial District Court. Louisiana Fire Insurance Company contended that, under C.C.P. 2337, the sheriff could not sell the property until the bid was sufficient to discharge the privileges superior to those of the seizing creditor, and this could not be determined until after the conclusion of the concursus proceedings. Davis then intervened, asking for a similar injunction, contending that he paid the interim mortgagee, American Bank and Trust Company, thereby becoming sub-rogated to its rights, which were superior to those of plaintiff Dixieaire, the seizing creditor.
Dixieaire excepted to the petition of intervention by Louisiana Fire Insurance Company and answered the rule for injunction issued on behalf of Louisiana Fire. On the return day the rule was tried and there was judgment recalling the rule, sustaining the exception of no cause of action filed by Dixieaire, and rejecting the demands of Louisiana Fire.
Davis, Ruby Lee Wright Davis and Louisiana Fire then applied to this court for writs which we granted.
The application for writs set out: the Davises were subrogated to the rights of the interim mortgagee under C.C. 2161 when the interim mortgagee was paid at the closing of the sale; the concursus proceeding must be decided to determine *375 the rank of the creditors; Davis, owner of the property, would suffer irreparable injury if the home were sold before his rights of subrogation were recognized.
The writs were improvidently issued. The Davises are not before us. No action was taken in the trial court on Davis’ petition of intervention. It was not answered, nor otherwise placed at issue. There was neither evidence nor admission concerning Davis’ claim that he paid the interim mortgagee with the purchase money.
Louisiana Fire Insurance Company cannot urge Davis’ claims and makes no showing of irreparable injury to itself. Nor does Louisiana Fire possess the grounds specified in C.C.P. 2298 for prohibiting the sale. Plaintiff Dixieaire is not required to await the disposition of the concursus proceeding to have the property sold. Dixieaire cannot be brought into the concursus, and the concursus cannot be engrafted upon Dixieaire’s suit, because Dixieaire has prosecuted its demand against Harper and Davis to judgment (which is now final and unappealable. See C.C.P. 2087, 4652.)
The district court was correct in sustaining the exception of no cause of action dismissing Louisiana Fire Insurance Company’s petition of intervention. The writ previously issued herein is recalled and the case is remanded to the district court for further proceedings. John C. Davis, Ruby Lee Wright Davis and Louisiana Fire Insurance Company of Baton Rouge are cast for costs attributable to their application for writs.
On Application for Rehearing.
En Banc.
BOLIN, J., takes no part.