255 So.2d 170 (1971)
Leroy ALBERT, Plaintiff-Appellee,
v.
CUNA MUTUAL INSURANCE SOCIETY, Defendant-Appellant.
No. 3599.
Court of Appeal of Louisiana, Third Circuit.
December 2, 1971.
*171 Stafford, Pitts & Bolen by Grove Stafford, Sr., Alexandria, for defendant-appellant.
Garrett, Ryland & Downs, by Donald M. Garrett, Alexandria, for plaintiff-appellee.
Before FRUGE, HOOD and DOMENGEAUX, JJ.
HOOD, Judge.
Leroy Albert instituted this action against Cuna Mutual Insurance Society to recover benefits alleged to be due on a group life, health and accident insurance policy issued by Cuna to Valex Federal Credit Union. Plaintiff, alleging that he is totally and permanently disabled, seeks a judgment condemning defendant to pay to him or to Valex the balance of Albert's indebtedness to that credit union and condemning Cuna to pay to plaintiff penalties and attorney's fees.
The trial court rendered judgment in favor of plaintiff, ordering defendant to pay $2,770.00 to Valex, in discharge of plaintiff's obligation to that payee, and condemning Cuna to pay to plaintiff the additional sum of $1,000.00 as attorney's fees. Defendant appealed, and plaintiff has answered the appeal.
The issues are: (1) Does Albert have a right of action against Cuna? (2) Is plaintiff totally and permanently disabled? (3) Should penalties and attorney's fees be awarded?
Plaintiff worked as a housekeeping aide for Veterans Administration Hospital in Alexandria, Louisiana, from January, 1962, until October 17, 1967. He has suffered from plantar warts and callouses on his feet for several years, beginning prior to his employment by the hospital, and he has been under almost constant medical treatment for his feet since 1962. His condition grew progressively worse while he was working for the Veterans Hospital, and in August, 1967, he submitted to surgery for the removal of a plantar wart from his right foot. Additional warts developed shortly after that surgery was performed, and since that time plaintiff has continued to suffer from numerous plantar warts and callouses on his feet. He also has suffered from low back pain and weakness of the knees.
Because of his physical condition, Albert was granted a disability retirement from the Veterans Administration Hospital on October 17, 1967, and he has performed no work since that time. He contends that he became totally and permanently disabled on that date.
While employed by the hospital, Albert became a member of Valex Federal Credit Union, a financial institution operated for the employees of the hospital, and he borrowed money from that institution in December, *172 1966, and in June, 1967. At the time of his disability retirement, on October 17, 1967, he owed $2,770.00 to Valex on the loans which had been made to him by that credit union.
Valex had procured a group life, health and accident insurance policy from defendant Cuna, and that policy was in effect when the above mentioned loans were made to plaintiff and when plaintiff was granted his disability retirement. That policy provides:
"Cuna Mutual Insurance Society * * * will pay to the Valex Federal Credit Union, Alexandria, Louisiana, * * * the amount remaining unpaid at the time of death or total and permanent disability of the Member on any insurable loan balance up to a maximum of $10,000.00, plus interest as herein provided, promptly upon receipt of satisfactory proof (a) of the amount of the Member's unpaid loan balance, and (b) of the Member's death prior to his 70th birthday, or of the Member's total and permanent disability as hereinafter defined prior to his 60th birthday. Cuna Mutual further agrees to waive the right of subrogation." (Emphasis added).
The term "total and permanent disability" is defined in the policy as meaning that the member, prior to his 60th birthday, "is totally and permanently unable to engage in any occupation for remuneration or profit." Plaintiff was 33 years of age when he was granted his disability retirement.
On October 18, 1967, Albert, through the credit union, submitted a formal claim to Cuna for payment of plaintiff's outstanding loan balance of $2,770.00. The basis for that claim, as shown on the claim statement, was "total and permanent disability" on the part of plaintiff Albert. Cuna refused to pay the claim on the ground that plaintiff "is not totally and permanently disabled from all gainful employment." Albert then instituted this suit.
Albert initially sought judgment in his favor, with penalties and attorney's fees. Defendant filed an exception of no right of action, based on the contention that no contractual relationship existed between plaintiff and defendant, and that Cuna thus was not obligated to pay anything to plaintiff. The exception was sustained by the trial court, but thereafter, with the court's permission, Albert amended his petition to demand, alternatively, that judgment be rendered condemning defendant to pay the amount of the loan indebtedness directly to Valex. Cuna answered, denying liability and reserving its rights under the exception. Judgment on the merits was rendered condemning Cuna to pay directly to Valex the amount of the loan indebtedness, and to pay to plaintiff $1,000.00 as attorney's fees.

Exception of No Right of Action
Defendant contends that Albert lacks the requisite interest to maintain an action against Cuna, because there is no contractual relationship between those parties and plaintiff is seeking merely to assert the rights of Valex.
Article 681 of the Louisiana Code of Civil Procedure provides that, "Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts."
Insurance policies, such as the one which is at issue here, are regulated by statutory law, found principally in Title 22 of our Revised Statutes. LSA-R.S. 22:175 (B) (4) defines the term "group life insurance," as including "Life insurance covering only the lives of all members of a group of persons * * * who become borrowers from one financial institution." In LSA-R.S. 22:215 (A) (3) (e) the term "blanket health and accident insurance" is defined as including "Under a policy or contract issued to a creditor who shall be deemed the policy holder to insure debtors of the creditors." The policy which was issued by Cuna to Valex, the creditor, *173 covers the lives of all members who become borrowers, and it was issued "to insure debtors of the creditors." Plaintiff was a member of Valex, and he was a borrower from and a debtor of that credit union. The policy thus covered his life and his health, and it was issued to insure him against loss in the event of death or disability. We construe the policy, as well as the cited statutes, to mean that Albert was an insured under the policy issued by Cuna. As the insured, we think he has a real and actual interest sufficient to entitle him to maintain this action.
We have been referred to no Louisiana cases in which this question has been finally determined. In other jurisdictions, however, courts have held that an individual who is insured under a group credit life or health and accident insurance policy may judicially enforce his rights under that policy. See Betts v. Brown, 219 Ga. 782, 136 S.E.2d 365 (1964); Pioneer Homeowners Life Insurance Company v. Hogan, 110 Ga.App. 887, 140 S.E.2d 212 (1965); McDaniel v. Insurance Company of Oregon, 243 Or. 1, 410 P.2d 814 (1966); Williams v. Stockman's Life Insurance Company, 250 Or. 160, 441 P.2d 608 (1968); Knox v. Cuna Mutual Insurance Society, 282 Ala. 606, 213 So.2d 667 (1968).
The three cases relied on principally by defendant are not applicable here. In Simmons v. Gulf Union Life Insurance Company, 213 So.2d 790 (La.App. 2 Cir. 1968), for instance, the widow and heirs of the deceased insured did not appeal and thus the issue of whether they could judicially assert rights under the group policy was not before the appellate court. Murray v. Life Insurance Company of Georgia, 107 Ga.App. 545, 130 S.E.2d 767 (1963), was decided before the Georgia Insurance Code was amended to contain provisions similar to those in the above cited Louisiana statutes. The courts of Georgia later observed that Murray no longer expresses the law of that state. See Betts v. Brown, supra, and Pioneer Homeowners Life Insurance Company v. Hogan, supra. The case of Dixieaire Air Conditioning Company v. Harper, 239 So. 2d 373 (La.App. 2 Cir. 1970) did not involve a group insurance policy and thus the issues presented here were not considered.
Plaintiff also has the right to maintain this action as the beneficiary under a stipulation pour autrui. Stipulations in favor of third persons are favored in our law, being expressly authorized by articles 1890 and 1902 of the Louisiana Civil Code. See Andrepont v. Acadia Drilling Company, 255 La. 347, 231 So.2d 347 (1969). Courts have recognized the right of the beneficiary of a stipulation pour autrui to bring an action for benefits provided in the contract. Wright v. Oakey, 16 La.Ann. 125 (1861); Volquardsen v. Southern Amusement Company, 156 So. 678 (La.App. 1 Cir. 1934). See also Andrepont v. Acadia Drilling Company, supra.
The contract in question here provides that Cuna will pay to Valex the amount of the member's unpaid loan balance in the event "of the member's total and permanent disability." This is the only condition, except for establishing the amount due on the loan, which is imposed by the contract in order to establish liability on the part of the insurer. It is significant, we think, that the coverage provided by the policy is not for the loss which Valex may sustain, and the insurer is not subrogated to the rights of the creditor. The policy specifically stipulates that Cuna "agrees to waive the right of subrogation." The contract provides for payment of the balance due by Albert on his loans if he becomes totally and permanently disabled. The contract thus is primarily for the benefit of Albert, and we interpret it as being a stipulation pour autrui. As the beneficiary, he has the right to enforce the stipulation in his favor.
Our conclusion is that plaintiff has an interest in the matter sufficient to give him a right of action against Cuna.

*174 Plaintiff's Disability

The trial judge concluded that plaintiff was unable "to perform the same or similar type work of any nature that he was performing prior to the onset of his disability," and that he thus was totally and permanently disabled within the meaning of the insurance policy at issue here.
Generally, the provisions of life, health and accident insurance policies for indemnity in case the insured becomes totally and permanently disabled do not require that he be rendered absolutely helpless, but rather they merely require that his disability be such that he is unable to perform the substantial and material acts of his business or occupation in the usual and customary way. Rambin v. Continental Casualty Company, 186 So.2d 861 (La.App. 2 Cir. 1966); Crowe v. Equitable Life Assurance Society, 179 La. 444, 154 So. 52 (1934); Scalia v. Travelers Insurance Company, 210 So.2d 373 (La.App. 2 Cir. 1968); Felker v. Aetna Life Insurance Company, 234 So.2d 758 (La.App. 1 Cir. 1970); Dennis v. Business Men's Assurance Company of America, 175 So.2d 431 (La.App. 2 Cir. 1965).
Plaintiff was treated over a period of several years by an orthopaedic surgeon and by a licensed podiatrist. Both doctors feel that Albert is totally and permanently disabled. The orthopaedist, in fact, stated that he was surprised that plaintiff worked as long as he did. Another orthopaedic surgeon examined plaintiff once, on August 1, 1968, and he concluded that with special shoe corrections and ointments, Albert could be rendered "fully employable," and that he thus was not totally and permanently disabled. He conceded that if plaintiff's work required him to lift heavy weights surgery might be necessary on both feet, involving the removal of some of the bone directly over the callouses. He stated that this surgery would leave him with a five percent disability of each foot, but it should give him a condition that he could tolerate and thus enable him to go back to his customary type of work.
The trial judge accepted the opinions expressed by the two treating physicians, and he concluded that plaintiff is totally and permanently disabled. In our opinion the evidence supports this finding of the trial court. We conclude, therefore, that plaintiff is unable to do substantially the same type of work he has performed for a number of years, and that he thus is totally and permanently disabled within the meaning of the above described group policy.

Penalties and Attorney's Fees
Plaintiff contends that defendant was arbitrary and capricious in failing to pay the benefits due under this policy, and that he is entitled to recover penalties and attorney's fees under the provisions of LSA-R.S. 22:657. The trial court awarded plaintiff attorney's fees under that section of the Revised Statutes, but he refused to allow him any other amount as penalties. In his answer to this appeal plaintiff prays that the judgment be amended to award him penalties of double the amount of the claim, or $2,770.00, and to increase the amount of attorney's fees allowed to $1,500.00.
The statutory provisions relating to penalties and attorney's fees for the unjustifiable delay of the insurer in paying claims are found in LSA-R.S. 22:656-658.
Section 656 of Title 22 of the Revised Statutes is not applicable here, as the provisions of that section relate only to the payment of death claims. LSA-R.S. 22:657 was held inapplicable to lump sum claims, such as the one presented here, in Harmon v. Lumbermens Mutual Casualty Company, 247 La. 263, 170 So.2d 646 (1965). We have concluded, however, that LSA-R.S. 22:658 is applicable, since that section covers "all insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657." We think penalties and attorney's fees may be allowed under *175 Section 658, in spite of the fact that plaintiff claims them only under Section 657.
Section 658 provides that the failure of the insurer to make payment of benefits due within 60 days after receipt of satisfactory proofs of loss and demand therefor, when such failure is found to be arbitrary, capricious and without probable cause, shall subject the insurer to a penalty of 12 percent of the amount of the loss, plus reasonable attorney's fees.
In the instant suit a satisfactory proof of loss was submitted promptly after plaintiff became totally disabled. No payment has ever been made by defendant, although much more than 60 days has elapsed since the proof of loss was submitted and the demand was made.
On October 26, 1967, within a few days after the proof of loss was submitted, defendant wrote to Valex refusing to make payment, assigning as its reasons for such refusal that plaintiff was not "totally and permanently disabled from all gainful employment," and that "he should be able to rehabilitate into some other form of gainful employment." Defendant wrote to plaintiff's attorney on April 15, 1968, acknowledging that it had received reports as to plaintiff's condition from the Veterans Administration and from the treating podiatrist, and on the basis of those reports it again refused to make payment. In that letter defendant stated:
"* * * I also do not feel that it is the settled law of Louisiana in this type case that permanent disability to perform any occupation means the ability to carry out the occupation in which one was engaged at the time of the issuance of the policy. * * *
* * * * * *
"* * * The last medical information indicates that he could be employed but not at a position requiring prolonged standing. I am sure that there are many positions which Mr. Albert could perform and be productive. * * *"
Plaintiff has had very little education, and the only type of work he was equipped by training and experience to perform was manual labor, most of which involved standing on his feet. The reports of the podiatrist and of the Veterans Administration showed that plaintiff was permanently disabled from performing the substantial acts of his occupation in the usual and customary way, and that he thus was totally and permanently disabled within the meaning of the policy. The treating orthopaedist also felt that plaintiff was totally and permanently disabled, and that information certainly must have been available to Cuna. It appears, therefore, that when defendant refused to make payment the medical evidence was uncontradicted to the effect that Albert was totally and permanently disabled. The only medical expert who expressed a different opinion did not examine plaintiff until long after payment had been refused, and even his findings indicate that plantiff cannot perform the same type of duties he performed before the date of his retirement.
An insurer must take the risk of misinterpreting its policy provisions. If it errs in interpreting its own insurance contract, such an error will not be considered as a reasonable ground for delaying the payment of benefits, and it will not relieve the insurer of the payment of penalties and attorney's fees. Niles v. American Bankers Insurance Company, 229 So.2d 435 (La.App. 3 Cir. 1970); Thomas v. Universal Life Insurance Company, 201 So.2d 529 (La.App. 3 Cir. 1967); Seguin v. Continental Service Life & Health Insurance Company, 230 La. 533, 89 So.2d 113 (1956).
In the instant suit, we think defendant was aware of all of the facts relating to plaintiff's disability, and that it simply misinterpreted the provisions of its own policy. As we have already noted, such an error does not relieve defendant of liability for penalties and attorney's fees.
*176 We agree with the trial judge that defendant was arbitrary, capricious and without reasonable cause in failing to pay the benefits due plaintiff within 60 days after written proof of claim was submitted and a demand made, and that plaintiff is entitled to recover the penalties provided by LSA-R.S. 22:658. As correctly pointed out by the trial court, these penalties must be paid to plaintiff rather than to Valex.
Plaintiff contends that the amount awarded as attorney's fees is inadequate and should be increased. We think the amount awarded is fair, and we thus will not disturb that part of the trial court's judgment which relates to attorney's fees. For the reasons herein set out, the judgment appealed from is amended to decree that plaintiff is entitled to recover from defendant, Cuna Mutual Insurance Society, a penalty of 12 percent of the total amount of the claim. In all other respects the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
Amended and affirmed.