318 So.2d 923 (1975)
Alvin M. COTLAR
v.
GULF INSURANCE COMPANY.
No. 6950.
Court of Appeal of Louisiana, Fourth Circuit.
September 17, 1975.
*924 Herman & Herman, Sidney A. Cotlar, New Orleans, for plaintiff-appellee.
*925 Porteous, Toledano, Hainkel & Johnson, James L. Donovan, New Orleans, for defendant-appellant.
Before LEMMON, GULOTTA and BEER, JJ.
LEMMON, Judge.
This appeal involves an issue of first impression. Does a collection of Mardi Gras souvenir doubloons, stolen from plaintiff's house, constitute numismatic property so as to fall within the $100.00 limitation contained in his homeowner's insurance policy? Defendant-insurer has appealed from an adverse judgment after a trial on the merits.
The policy provided coverage, as to unscheduled personal property, as follows:
"This policy covers unscheduled personal property usual or incidental to the occupancy of the premises as a dwelling, owned, worn or used by an Insured, while in all situations anywhere in the world. * * *"
Plaintiff purchased coverage under this feature in the amount of $50,000.00. The policy, however, also contained a section entitled "Special Limits of Liability", which provided:
"2. Under Coverage C, this Company shall not be liable in any one loss with respect to the following named property:
(a) for more than $100 on money, bullion, numismatic property and bank notes;
(b) for more than $500 on accounts, bills, deeds, evidences of debt, letters of credit, notes other than bank notes; passports, railroad and other tickets, securities, and stamps including philatelic property;
(c) for more than $1000 on manuscripts;
(d) for more than $250 on articles of jewelry including watches, necklaces, bracelets, gems, precious and semi-precious stones and articles of gold or platinum and articles of fur or articles containing fur which represents their principal value; * * *"
Contending that plaintiff's doubloon collection fell under special limitation 2(a), defendant refused to pay more than $100.00 for that portion of the loss. Plaintiff then instituted this action.
Mardi Gras souvenir doubloons are round objects, usually made of metal, which are given away by members of carnival organizations. Each organization has its own doubloons designed and produced annually. The vast majority of the doubloons are inexpensive souvenirs thrown by riders on parade floats to onlookers along the parade route; however, some doubloons with a substantial content of valuable metal are given away as favors at balls.[1] No doubloons are offered by the organizations for public sale.
Many people locally began to collect the souvenirs, and doubloons are now bought, sold and traded through public and private channels. Doubloons, of course, have never been used as a medium of exchange.
In support of his position that doubloons do not constitute numismatic property, plaintiff presented an expert in the English language who relied on the following definitions in the Oxford English Dictionary:
(1) Numismatic is denied as "Pertaining to or relating to coins or coinage; consisting of coins."
(2) Coin is defined as "A dye stamp or piece of money, in particular a piece of metal of definite weight and value, usually a circular disc made into money by being stamped with an officially authorized device."
Plaintiff also produced the testimony of two numismatists, who were members of the American Numismatics Association.
*926 Each opined that numismatic property necessarily is or has been used as a medium of exchange.
On the other hand, defendant relies on the Webester's New Collegiate Dictionary's definition of numismatics as "the study or collection of coins, tokens, medals, paper money and similar objects."[2]
We conclude that doubloons are not included under the policy limitation on numismatic property. The unscheduled personal property coverage of homeowner's insurance is designed to protect most property found in the home of the average person whose home is insured by the policy. Some items, such as automobiles, do not fall within the scope of this purpose and are specifically excluded. Other items, such as jewelry, are specially limited to an amount of coverage which fulfills the needs of the average homeowner. Thus, an insured who regularly keeps a large amount of jewelry in his home is notified by the limitation that additional coverage must be purchased to satisfy his special needs at his own cost, rather than at a cost to be distributed over the premiums of all insured homeowners.
We construe the $100.00 limitation clause as a whole as one which is intended to limit coverage on property which is money or a form of money.[3] At best doubloons are medals which have no intrinsic monetary value and possess value only in relation to their desirability to collectors. In our opinion the policy limitation was not intended to apply to doubloon collections.
Furthermore, an insurer must clearly express limitations on coverage in order to inform the insured that he must take special measures to establish adequate protection. If ambiguous, the limitation must be construed in favor of coverage.
We hold that the policy language does not, either by the usual signification of the words or by the clear intent of the limiting clause as a whole, adequately inform an insured that the policy does not afford complete protection to a doubloon collection and that he must use scheduled coverage to secure this protection. Since the limitation does not apply, plaintiff is entitled to the full value of the doubloons.[4]
Defendant further contends that the trial judge erred in awarding penalties and attorney's fees under R.S. 22:658. We agree.
Plaintiff based his argument as to penalties and attorney's fees on defendant's failure to produce any expert testimony in support of its interpretation or to show any investigation or inquiry made in reaching its conclusion to impose the limitation. Perhaps this argument would be more persuasive in a case which involves a disputed physical disability or similar factual question. The present case, however, involves solely an interpretation of policy provisions. The penalty issue therefore does not involve a question as to the method of reaching the decision, but rather a question as to whether the decision was reasonable.
Defendant's broad interpretation of the policy terms, although not accepted by *927 us, cannot be deemed arbitrary and unreasonable, especially in view of the fact that the field of numismatics is now generally conceded to encompass tokens and medals (although perhaps restricted to the older or rarer medals of historical significance) and that the collecting of doubloons is relatively new and is entirely local in interest.
Plaintiff argues, however, citing Albert v. Cuna Mutual Ins. Soc'y., 255 So.2d 170 (La.App. 3rd Cir. 1971) and Niles v. American Bankers Ins. Co., 229 So.2d 435 (La.App. 3rd Cir. 1969), that in matters of policy interpretation an insurer construes its own policy at its risk.
Language in the cases relied on in the Albert and Niles decisions has seemed to indicate that an insurer may seek a judicial decision on its interpretation only at the risk of paying penalties and attorney's fees if it loses, but those cases involved other evidence of arbitrariness. Thus, the Supreme Court decisions cited in the Albert and Niles cases are distinguishable.
The dissenting footnote in Songe v. Tennessee Life Ins. Co., 260 So.2d 149 (La.App. 4th Cir. 1972), argues in favor of awarding attorney's fees on the basis that when the insured's interpretation is reasonable on its face, the policy is at best ambiguous, and the law of construction requiring interpretation favorable to the insured will result in a judgment against the insurer.
We reject this approach. Penalty statutes are imposed to punish arbitrary behavior. If the insurer's interpretation of its policy provision is reasonable, the denial of the claim is not arbitrary so as to require imposition of a penalty, and the insurer has a right to a judicial determination.
If the statute provided only for attorney's fees, it would be arguable that the legislature intended to require insurance companies to pay the fees incurred by the insured when the company's reasonable interpretation of its own policy is rejected by the court, thus granting the insured full recovery for covered losses. The present statute, however, includes a penalty as well as attorney's fees and is apparently designed to punish arbitrariness. Accordingly, we decline to apply the statute when the insurer's reasonable interpretation is rejected and the insurer has otherwise not acted arbitrarily.
In the present case defendant denied the claim in excess of $100.00 because of a reasonable interpretation of the policy provision and paid all other losses claimed by plaintiff. We hold that defendant was entitled to a judicial determination of its good faith defense to that portion of the claim.
For these reasons, the judgment of the trial court is amended to delete the award of penalties and attorney's fees. As amended, the judgment is affirmed.
Amended and affirmed.
NOTES
[1] The origin of the practice was tranced to Seur de Iberville, one of the founders of the City of New Orleans, who threw beads and similar objects to the Indians.
[2] This dictionary defines the adjective "numismatic" as "1: of or pertaining to numismatics 2: of or relating to currency: MONETARY".
[3] We note, without necessarily approving, a reported New York case involving the theft of a coin collection, in which the court reasoned that coins which are removed from circulation as a medium of exchange and saved by a numismatist become articles of commerce and do not fall under the money limitation of the policy, which defined money as currency, coins, bank notes and bullion. De Biase v. Commercial Union Ins. Co. of N.Y., 53 Misc. 2d 45, 278 N.Y.S.2d 145 (1967).
[4] The trial judge classified several of the doubloons, which contained large quantities of valuable metals, as charms and then applied the $250.00 limitation on articles of jewelry to the loss of these particular doubloons valued at $300.00.

Inasmuch as plaintiff has not applied for an increase, we specifically decline to review the correctness of this $50.00 disallowance.