BOLIN, Judge.
Plaintiffs’ two minor children were killed while riding in a non-owned uninsured automobile. Plaintiffs sue Commercial Union Insurance Company for the funeral expenses of the two children under the medical payment provision of a policy issued by Commercial Union on a car owned by plaintiffs. The lower court prorated defendant’s liability with other insurance covering a second car owned by plaintiffs and rendered judgment in favor of plaintiffs plus penalties and attorney’s fees. Defendant appeals and we affirm.
There are two issues:
(1) Is defendant liable?
(2) If there is liability, was defendant arbitrary and capricious in the manner in which it paid the amount due under the policy?
Plaintiffs owned two vehicles. One vehicle was insured by State Farm under a policy which included $5,000 medical payment and funeral benefits; the other by a policy with Commercial Union providing $500 medical payment and funeral benefits. State Farm paid the entire funeral and medical expenses which amounted to $1791.71 per child.
Defendant contends that inasmuch as the entire expense was covered within the State Farm policy limits, defendant, as excess insurer, owed nothing. This argument is based on the following provision of Commercial’s policy:
. [T]he insurance with respect to temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible automobile and medical payments insurance.
Our courts have held that when medical payment provisions in two or more policies limit their coverage with similar excess clauses and both policies have the same status as other primary or secondary insurers, the excess clauses are mutually repugnant and are unenforceable. The policies of both Commercial Union and State Farm have the same provisions for excess coverage as to non-owned automobiles, thus those provisions render each other ineffective. Graves v. Traders & General Insurance Co., 252 La. 709, 214 So.2d 116 (1968).
In the alternative, Commercial Union relied upon an “other insurance” clause in its policy to conclude it only owed a pro rata share of those expenses, or $168.14 for each child. Defendant then issued two checks for $168.14 each, payable to Edmonds Funeral Home, and forwarded them to plaintiffs’ attorney.
We agree with the trial judge that the pro rata share owed by defendant was properly calculated and the two checks for $168.14 drawn by defendant were in the correct amount. However, the funeral home was not the insured or a payee under the policy held by plaintiffs, nor was there any evidence that plaintiffs or their attorney had assigned the proceeds of the policy to the funeral home. At the time of trial defendant had never acknowledged it was indebted to plaintiffs under the insurance policy.
Defendant contends the checks were properly made payable to the funeral home under the language of the policy providing the insurer would make payment “to or for the named insured”. We conclude the trial court correctly found these checks were not made to or for the insured.
As stated in Albert v. Cuna Mutual Insurance Society, 255 So.2d 170 (La.App. 3d Cir., 1971), a misinterpretation by the insurer of its own policy provisions does not relieve the insurer of the payment of penalties and attorney’s fees. Albert was cited with approval by this court in Davis v. Aetna Casualty & Surety Co., 329 So.2d 868 (La.App. 2d Cir., 1975).
We conclude the trial court correctly found that by making the two checks payable to Edmonds Funeral Home rather than *519 to the insured, defendant acted arbitrarily and is liable for penalties and attorney’s fees.
The judgment is affirmed at appellant’s cost.