# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-339


**CARLTON MAXEY**

**VERSUS**

**UNIVERSAL CASUALTY COMPANY**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 81,786
HONORABLE ERIC ROGER HARRINGTON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## OSWALD A. DECUIR
## JUDGE

\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Jimmie C. Peters, Judges.


**AFFIRMED.**


**Joe Payne Williams**
**Williams Family Law Firm, L.L.C.**
**Post Office Box 15**
**Natchitoches, LA 71458-0015**
**(318) 352-6695**
**Counsel for Plaintiff/Appellant:**
    **Barbara Renee Maxey, as Representative of Estate**

**Charles K. Charrier**
**Attorney at Law**
**P. O. Box 1007**
**Alexandria, LA 71309**
**(318) 448-3952**
**Counsel for Plaintiff/Appellant:**
      **Barbara Renee Maxey, as Representative of Estate**

**R. Todd Musgrave**
**Musgrave, McLachlan & Penn, L.L.C.**
**1515 Poydras Street, Suite 2380**
**New Orleans, LA 70112**
**(504) 799-4300**
**Counsel for Defendant/Appellee:**
      **Universal Casualty Company**

**Amanda H. Aucoin**
**Musgrave, McLachlan & Penn, L.L.C.**
**1515 Poydras Street, Suite 2380**
**New Orleans, LA 70112**
**(504) 799-4300**
**Counsel for Defendant/Appellee:**
      **Universal Casualty Company**

**DECUIR, Judge.**

Carlton Maxey filed suit against his automobile insurer, Universal Casualty Company, seeking payment under the comprehensive coverage provision of his policy after his vehicle was stolen and destroyed by fire. After prevailing on the coverage question, Maxey sought penalties and attorney fees which were denied by summary judgment. Maxey's succession representative, Barbara Maxey, perfected this appeal. For the following reasons, we affirm.

Sometime between 9:00 a.m. and 1:00 p.m. on July 24, 2008, Maxey's 2006 Nissan Altima was stolen from the driveway of his home in Derry, Louisiana. The car was unlocked, and a spare key was hidden under the floor mat. Maxey was away from home during those hours; when he returned shortly after 1:00 p.m., he noticed the car was gone. He immediately reported the car stolen, and it was located by police later that day elsewhere in the parish. The car had been set on fire and was a total loss.

Universal does not deny that it had in full force and effect a policy of insurance in favor of Carlton Maxey providing comprehensive coverage for loss due to both theft and fire. However, the policy contains a specific exclusion for theft under certain circumstances: specifically, under Part IV, Exclusion (o) of the policy, coverage does not apply "to loss due to theft under coverage (a) of this part if evidence exists that forcible entry was not required to gain access to the automobile." Based on this exclusion, and Maxey's admissions that the car was unlocked and a key was inside at the time it was stolen, Universal denied coverage. Universal then filed a motion for summary judgment on the issue of coverage.

Maxey responded by filing a cross motion for summary judgment, arguing that his loss was the result of a fire, not theft. The trial court agreed and granted Maxey's motion. Universal unsuccessfully took up writs to this court and the Louisiana Supreme Court. Universal then immediately tendered to Maxey the full amount of his

loss plus interest. However, Maxey sought statutory penalties and attorney fees for Universal's delay in paying the claim. Maxey specifically alleged that Universal's delay in tendering payment was based upon a misinterpretation of its own policy, and Maxey asserts that when an insurer misinterprets its policy, "it does so at its own risk, not at the risk of the insured."

The trial court described the case as presenting a unique factual situation and determined that Universal had a reasonable basis to defend the claim. The court found Universal acted in good faith reliance on its defense of a theft exclusion. Penalties and attorney fees were denied via summary judgment, and Maxey appealed.

In this appeal, Maxey relies on the case of *Louisiana Bag Co. v. Audubon Indemnity Co.*, 08-453, pp. 19-20 (La. 12/2/08), 999 So.2d 1104, 1117, which held:

> This court has found that an insurer "must take the risk of misinterpreting its policy provisions," and that, if an insurer "errs in interpreting its own insurance contract, such error will not be considered as a reasonable ground for delaying payment of benefits, and it will not relieve the insurer of the payment of penalties and attorney's fees." *Id.* (citing *Albert v. Cuna Mut. Ins. Soc'y*, 255 So.2d 170 (La.App. 3 Cir.1971)). "In other words, insurers should not have their policy provisions interpreted at the expense of the insured, especially when they are charged with knowledge of their policy's contents." *Id.* In short, Audubon's potential error in the interpretation of its insurance contract was not a reasonable ground for refusing timely payment. Therefore, Audubon could not avoid the payment of penalties for its delay in tendering payment within the statutorily mandated time period by reason of its interpretation of the coverage afforded by its policy.

We find Maxey's reliance on the *Louisiana Bag* language to be misplaced. The coverage in the present case does not rest on the interpretation of the policy. Rather, the issue confronting the trial court was simply a question of whether Maxey's damages were due to fire or theft. If the damages were due to theft, then the undisputed "forced entry" terms of the policy would exclude coverage. If the damages were due to fire, then the undisputed fire terms of the policy would provide coverage. The trial court considered the facts and determined the damages were due to fire.

2

In *Louisiana Bag*, the disputed coverage question was based on a legal issue, the resolution of which would affect only the extent of coverage. The insurer had knowledge of the undisputed portion of the claim and refused to pay even that amount while it waited for a legal opinion from its retained counsel on the full extent of the claim. In the present case, the insurer sought judicial resolution of a factual question: whether Maxey's damages were the result of fire or theft. The trial court found this coverage question to be reasonably disputed by the insurer, even though the court ultimately ruled against the company. We agree with the trial court's rationale. We do not believe Universal acted unreasonably in contesting coverage in this particular case.

Accordingly, we find no error in the decision reached by the trial court. Universal's motion for summary judgment was properly granted, with the dismissal of all remaining claims asserted by Maxey. For these reasons, the judgment appealed from is affirmed. Costs of the appeal are assessed to Barbara Maxey.

**AFFIRMED.**